IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY MICHAEL ESHENA

                    Plaintiff

          VS.

DAVID FRAZIER, WARDEN, *et al.*,

                    Defendants

NO.  5:08-CV-417 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

---

## RECOMMENDATION

Before the court is a motion seeking summary judgment filed by defendants David Frazier, Betty McGrew, Dr. Carl Lift, David Butts, Michael Ransom, and Shandria Dixon.  Tab #26.  This motion is supported by a brief, a statement of material facts, affidavits, and numerous exhibits. Plaintiff Anthony Michael Eshena has responded to the motion.  Tab #34.  The defendants have replied to the plaintiff's response. Tab #35.  The motion is now ripe for review.


### FACTUAL AND PROCEDURAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows: On July 4, 2007, plaintiff Eshena received a soft tissue injury to his left leg while playing softball in the recreation yard at Hancock State Prison.  After plaintiff lay on the gound for approximately ten (10) minutes, several inmates carried him off the playing field.  Sometime later, plaintiff walked back to his housing unit.  Once inside the housing unit, he reported the injury to a staff member, requested that the medical unit be notified, and returned to his cell.

Thereafter, and in response to the plaintiff's request, Officer Lasheena Stephens placed a call to her duty officer and to medical.  Pursuant to instructions from medical, Officer Stephens advised the plaintiff to apply ice to his ankle, take Tylenol for pain, and put in a sick call request for a medical appointment if the pain/swelling continued.

The next morning when plaintiff reported to his work detail, he was wearing a shower shoe allegedly because his foot was too swollen to fit into a boot.  In response, and after listening to the plaintiff's explanation, his supervisor contacted the medical unit.  Following this conversation with medical, the plaintiff was sent back to his housing unit where he remained for the remainder of the day.

On Friday, July 6, 2007, after Unit Manager Tommy Tremble noticed that plaintiff Eshena was limping, he was sent to medical.  Once in medical, plaintiff was examined and subsequently referred and transported to the Coliseum Medical Center in Macon, Georgia.  At Coliseum, plaintiff's leg was examined and x-rayed.  He was then given an ace bandage, a soft splint, and a prescription for Lortab and Motrin for the pain and swelling.  Plaintiff was discharged from Coliseum later that day.

On the evening of July 6th, after he had been returned to the prison, plaintiff reported to and was seen by Dr. Goel.  Dr. Goel prescribed Tylenol 3 and Motrin for pain and swelling and scheduled a follow up appointment for July 9, 2007.  At the July 9, 2007 appointment, plaintiff was seen by defendant Lift.  At the conclusion of this appointment, he was placed on a two-month "lay-in" (work-detail excusal).  In addition, and pursuant to information contained in the plaintiff's medical records from Coliseum, defendant Lift scheduled another x-ray of plaintiff's ankle.  The results of this second x-ray confirmed that the plaintiff's injury did not involve any bone fractures.  Consequently, and in light of the fact that plaintiff's injury was essentially a sprained ankle, further medical treatment, beyond the rather conservative measures outlined above, were found to be unnecessary.

In view of the above, and upon his assertion that the medical treatments provided to him were inadequate and unnecessarily delayed, plaintiff Eshena filed the instant action. Therein, he argues that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In response, and after filing an answer to the plaintiff's complaint, the defendants filed the instant motion seeking summary judgment.

## LEGAL STANDARDS

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976).  To establish deliberate indifference, the plaintiff must show three things: 1) that the government official had subjective knowledge of a risk of serious harm; 2) that the government official disregarded the risk; and 3) the government official did so by conduct that is more than gross negligence.  *See Blanchard v. White County Detention Ctr. Staff*, 262 Fed. Appx. 959, 963 (11th Cir. 2008).

In addition, delays in access to medical attention can constitute a violation of the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain.  Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem.  In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not violate the Eighth Amendment.  The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.  Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious.  An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed.  Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay.  Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay.  *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, Slip Opinion Nos. 92-8854 and 9318, at 781-87 (11th Cir. Dec. 27, 1994) (emphasis added).

## DISCUSSION

In his Complaint, and as noted above, plaintiff Eshena contends that the defendants violated his constitutional rights.  The manner in which the defendants allegedly did so was by subjecting him to an unconstitutional delay in, and deprivation of, medical treatment for his sprained ankle.  In view of these alleged actions by the defendants, he seeks a declaratory judgment and an award of compensatory damages and punitive damages.

In response, and in support of their motion seeking summary judgment, the defendants have submitted a number of materials including affidavits and copies of pertinent medical records.  A review of these materials clearly indicate that the defendants were not deliberately indifferent to the plaintiff's serious medical needs.  Instead, they show that the plaintiff was promptly and *repeatedly* provided with medical treatment in accordance with constitutional standards.  In response to the defendants' motion, plaintiff Eshena has provided nothing of substance to rebut the defendants' showing or to support his contentions that the timing or quality of the medical treatment provided to him by the defendants was inadequate.

The undersigned finds that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 25th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE